UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LEE ALEXANDER BROWN,

        Plaintiff,

v.                                                             Case No. 08-C-900

BRYAN BARTOW, Warden of the Wisconsin
Resource Center and M&P WHOLESALERS,

        Defendants.

**ORDER**

Plaintiff, who is serving a civil commitment under at the Wisconsin Resource Center under Wis. Stat. Ch. 980 (Sexually Violent Person Commitments), has filed an action under 42 U.S.C. § 1983. Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). Plaintiff, however, has requested leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915.

Section 1915 is meant to ensure indigent litigants meaningful access to federal courts. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). An indigent plaintiff may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

Plaintiff filed the required affidavit of indigence. Upon review of that affidavit, it appears that plaintiff could not pay any portion of the filing fee. And because plaintiff is under a civil commitment, as opposed to serving a sentence for a crime, he is not a prisoner within the meaning of the Prison

Litigation Reform Act and 28 U.S.C.§ 1915's provisions requiring the assessment and collection of the full filing fee over time do not apply. *West v. Macht*, 986 F. Supp. 1141, 1142 (W.D. Wis. 1997). Thus, *in forma pauperis* status will be granted.

I nevertheless maintain a duty to "screen" all complaints under 28 U.S.C. § 1915(e)(2) to ensure that they comply with the Federal Rules of Civil Procedure and that they state at least plausible claims for which relief may be granted. "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.' " *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1966 (2007) (citing 5 Wright & Miller § 1216, at 233-234); see also *Asahi Glass Co. v. Pentech Pharmaceuticals, Inc.*, 289 F.Supp. 2d 986, 995 (N.D.Ill.2003) (Posner, J., sitting by designation) ("Some threshold of plausibility must be crossed at the outset...."). In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The Court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

Plaintiff's complaint has its origin in a business transaction gone bad between him and defendant M&P Wholesalers ("M&P") in which Plaintiff attempted to purchase a CD player and some other items. He apparently sent away $139 to M&P when he ordered the items, but never received the CD player he ordered. Brown then filed a small claims action against M&P in Dane County, Wisconsin. This action

was apparently dismissed for failure to file proof of service. Plaintiff complains about the lack of assistance provided by the WRC staff in his prosecution of the small claims action. He also complains about the fact that the company with which he is in the dispute is still on the WRC's approved list of vendors and that the WRC has not confronted M&P about its business practices.

Brown fails to state a claim as he has not alleged how the actions of the defendants deprived him of a constitutional or federally-protected right. His disagreement with the WRC on what businesses it approves does not implicate such a right. Neither does his claim that the WRC failed to assist him as he would like in prosecution of his claim.[1] The Supreme Court has recognized a constitutional right of access to the courts. *Bounds v. Smith*, 480 U.S. 817, 828 (1977) (holding that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law.") (footnote omitted). The right articulated in *Bounds* is inapplicable in this case, however, as Brown is attempting to litigate a small claim and not address the fact or conditions of his detention. *Lewis v. Casey*, 518 U.S. 343, 355 (1996) (noting that "[t]he tools... [*Bounds*] requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement."). There is no constitutionally-protected right to transform oneself while confined into a "litigating engine[] capable of filing everything from shareholder derivative actions to slip-and-fall claims." *Id.*

The complaint also fails as it alleges no facts sufficient to provide WRC Director Byran Bartow notice of the conduct for which he could be liable. It alleges no personal involvement on his part, and since the doctrine of respondeat superior does not apply to § 1983 actions, *Sanville v. McCaughtry*, 266

---

[1] Brown notes that WRC social worker assisted him by mailing documents for him, but that she did not provide him other assistance by calling the Dane County court manager to inquire about his small claim. (Compl. at 2, Ex. 5.). She apparently then told him to write a letter. (Id.)

F.3d 724, 740 (7th Cir.2001), I find no claim against him. Accordingly, the complaint will be dismissed as to defendant Bartow.

Further, there is no information before the Court to indicate that the remaining defendant, a Maryland corporation selling products to those housed in the WRC, was acting under the color of state law. *See Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 766 n.6 (7th Cir. 2002) ("For purposes of § 1983, we have treated a private corporation acting under color of state law as though it were a municipal entity."). The Supreme Court has never held that a "...State's mere acquiescence in a private action converts that action into that of the State." *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 164 (1978). Because Brown has not sufficiently alleged that M&P acted under the color of state law, the complaint will be dismissed as to defendant M&P.

**IT IS THEREFORE ORDERED** that plaintiff's request to proceed *in forma pauperis* is granted.

**IT IS FURTHER ORDERED** that the plaintiff's § 1983 claim is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

Dated this 31st day of October, 2008.

s/ William C. Griesbach
WILLIAM C. GRIESBACH
United States District Judge
